Lessee of M'KNIGHT and another, Executors of M'Knight, *against* YINGLAND and others.

*Sunbury,
Thursday,
July 13.*

THIS was an appeal from the decision of the late Mr. Justice SMITH, at a Circuit Court for *Huntingdon* in *April* 1807.

It was an ejectment for a tract of land in the county of *Huntingdon*, to which the plaintiff's title was as follows:

On the 28th *July* 1766, a warrant issued to *Baynton* and *Wharton*, calling for " the Saplin land, and the Indian path " leading to the great island." Upon this warrant, 540 acres, the land in question, were surveyed and returned into office the 4th *December* 1766.

On the 30th *April* 1767, *Baynton* and *Wharton* conveyed to *Richard Neave* and *Richard Neave* junr. of *London* merchants, in fee simple as tenants in common.

On the 7th *March* 1776, *Richard Neave* junr., who was then in *Philadelphia*, and who had carried on with *George Woods*, the agent for this land, all the correspondence relating to it, his father *Richard Neave* residing in *England*, signed the following indorsement upon the survey in the surveyor general's office: " This survey not having been made on the " land located by the warrant on which it is returned, I do " hereby relinquish the right to the above to George Woods " Esquire. Richard Neave junr.;" and the fact, as it appeared from the relinquishment, for 18 years, when he and *A.* conveyed the tract to a purchaser for a valuable consideration.

*A.* and *B.* purchase a warrant and survey as tenants in common. *B.* resides in England, and *A.* is the acting partner in Pennsylvania, who carries on all the correspondence with an agent in relation to the land surveyed. *A.* ten years after the return of survey into office, by indorsement thereon in the surveyor general's office declares " that the " survey not ha- " ving been made " on the land " called for by " the warrant on " which it is re- " turned, (which " was the fact) " he thereby re- " linquishes the " right to the " same to C." *B.* did not dissent

*Held* that the indorsement upon the survey by *A.* was an abandonment of the survey by both partners, and that their vendee could not recover any part of it.

ed in evidence, was, that the warrant was not laid upon the land for which it called.

'On the 1st *March* 1794, the *Neaves* conveyed all their lands in *Huntingdon*, describing this tract and others, to *Robert M'Knight*, under whom the lessors of the plaintiff claimed.

The title of the defendants was as follows:

On the 1st *May* 1767, a warrant for 250 acres was granted to *John Cochran*, on which 323 acres were surveyed the 27th *October* 1767, being part of the land included in *Baynton* and *Wharton's* survey.

On the 10th *October* 1767, *Cochran* conveyed to *George Woods.* On the 8th *March* 1776, the day after *Neave's* indorsement, *Cochran's* survey was returned into office, and a warrant of acceptance issued to *George Woods*, in consequence of *Cochran's* conveyance and of *Neave's* indorsement. In this return of survey, the residue of the land in *Baynton* and *Wharton's* survey not covered by *Cochran's* warrant, was marked *vacant.*

On the 9th *March* 1776, the tract of 323 acres was patented to *Woods*, who on the same day conveyed to *Harry Gordon*, under whom one of the defendants claimed.

The other defendants claimed under a settlement and improvement in the year 1784, on that part of the survey relinquished by *Neave*, which was not included in *Cochran's* survey, but was marked in the return of that survey as *vacant* ground.

By a letter from *George Woods* to *Richard Neave* junr., produced in evidence by the plaintiff, it appeared that after *Neave* made his relinquishment, his warrant was put into the surveyor's hands to be laid on other lands, and was actually laid by mistake on land which belonged to him and his father, and returned into the surveyor general's office.

Upon these facts it was conceded at the trial by the plaintiff's counsel, that as to one half of *Cochran's* survey claimed under *Harry Gordon*, the plaintiff could not recover; because *Richard Neave* junr. had a right to relinquish a moiety, and had relinquished it to *George Woods;* but as to the moiety of that survey belonging to *Richard Neave* the elder, and as to the whole of the 217 acres covered by improvement, it was contended that the plaintiff ought to recover,

*Margin:*

1809.

Lessee
of
M'KNIGHT
*v.*
YINGLAND.

because the son had no authority to relinquish his father's interest, and in fact had only relinquished to *George Woods*, whose claim went no further than *Cochran's* survey.

By the defendants' counsel it was argued, that *Richard Neave* junr., who was the acting partner, and exclusively managed the partnership interest in this land, had a right under the circumstances to relinquish the whole, and had relinquished the whole. That until a patent was obtained, the title was not complete as between the purchaser and the proprietaries, and that before that event it was competent to one of two holders of a warrant, certainly to the acting partner in the concern, to reject a survey improperly made. That *Neave* the son had relinquished the whole, not only in terms but in effect; because *George Woods*, the agent of the *Neaves*, had returned the 217 acres as vacant ground, which was a declaration by the *Neaves* that the old survey was completely rescinded, and that the defendants who claim by settlement, might enter and improve the land. That the proprietaries had accepted the relinquishment by accepting *Woods'* survey under *Cochran's* warrant; and that *Neave* the father, had never dissented from the act of the son. That the plaintiff could therefore recover no part of the claim.

His Honour charged the jury, that if the writing executed by *Richard Neave* junr. was to be considered as a conveyance of the land, it could pass no more than his moiety; but that the real question was as to the power which one tenant in common has over a partnership warrant under the practice in this state; and as to this, the inclination of his mind was, that under the circumstances of this case, *Richard Neave* the son had sufficient power to relinquish the whole survey, and had actually relinquished the whole. The land called for by the warrant had not been surveyed; the indorsement was a public recognition of the fact, and the evidence given upon the trial confirmed it. In *Pennsylvania* one partner generally superintended the survey of a company warrant; and it had been the universal practice, if he acted without fraud upon his partners, to consider his act as the act of all. He might order the survey in such shape or figure as pleased him; and if he should find that it had not been made upon the ground called for by the warrant, it appeared to his Honour that he might refuse to accept the survey, that he might

demand the land called for, and of course might relinquish the survey which gave him other land. It was a matter of fact, his Honour said, for the jury to determine, whether *Richard Neave* junr. had not been the acting partner, and whether the father had not acquiesced in the son's act. The whole turned upon the difference between conveying lands, and making a disposition of a survey in *Pennsylvania.* If the jury were of opinion that *Neave* the son was the acting partner, that he had been guilty of no fraud, and that his co-tenant had acquiesced in his act, his Honour was then of opinion that the indorsement was a refusal to accept any part of the survey, or a relinquishment of the whole, that the survey thereupon became a nullity, that other land might have been surveyed upon the warrant, and that even if the defendants had no title, the plaintiff could not recover: certainly he could not recover more than a moiety of the tract of 540 acres, as at all events there was a relinquishment of the son's right in the whole.

The jury found for the defendants. A motion for a new trial was then made and overruled, and the plaintiff appealed to this court.

It was argued at the present term by *Watts* and *Riddle* for the plaintiff, and by *S. Riddle* and *Duncan* for the defendants; and the Chief Justice, after stating the titles and facts, now delivered judgment.

Tilghman C. J. It will not admit of a moment's doubt, that the plaintiff who claims under a deed from the two *Neaves* to *Robert M'Knight*, now deceased, must be barred as to one half of his claim; because when *Richard Neave* junr. relinquished the survey returned on the shifted warrant of *Baynton* and *Wharton*, he was tenant in common with his father of an undivided moiety. But it is contended that he could not affect the title of his father, who was entitled to the other moiety. This in truth is the only point worthy of consideration, and it appears to us that there is very little difficulty in it.

The title of a person who takes up land, is not complete before he obtains a patent, although he may maintain an ejectment upon a warrant and survey. It is not uncommon to make alterations by permission of the land office, after return of the survey; and in no case can it be more proper than

in the present, where the survey has been executed on land not called for by the warrant. Under such circumstances, where one of the owners of the survey was residing in *England*, and the other in *Pennsylvania*, where all the correspondence with *George Woods* the agent, touching this land, was carried on by the partner residing in *Pennsylvania*, and where the other partner never by word or deed expressed any dissent from the relinquishment of the original survey, before the year 1794, it is not unreasonable to presume that such relinquishment was approved of by the partner residing in *England*. The officers of the proprietaries' land office consented that the survey first returned should be given up, and the very next day granted part of the land so given up, to another person. They consented also that Messrs. *Neave* should lay their warrant on other land; it was so understood by *Neave* junr., who accordingly took measures for procuring another survey.

Upon all the evidence given in this case, Judge *Smith* declared his opinion to the jury that the first survey was to be considered as abandoned by Messrs. *Neave*, and consequently the plaintiff was not entitled to recover any part of it. We fully concur in this opinion. The judgment of the Circuit Court must therefore be affirmed.

*Judgment affirmed.*